# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ALAIN TZVI BIBLIOWICZ MITRIANI,

      Defendant.
/

CASE NO. 1:25-CR-00039-CBA

**MOTION TO QUASH GRAND JURY SUBPOENA AND TO LIMIT THE APPLICATION OF THE CRIME FRAUD EXCEPTION**

      The government has alleged a $300 million money laundering cryptocurrency conspiracy involving the cartel. This is not a cartel case. To date, the government has produced multiple terabytes of data, including the phones of two cooperators. There is nothing in the discovery produced thus far that mentions, involves, or discusses any cartels. Instead, the discovery demonstrates a steady stream of investments and trades in a cryptocurrency platform that were well documented and, on their face, appear to be perfectly legal and blessed by attorneys.

      Moreover, the government has affirmatively stated that there is "no smoking gun" in this case and that the only evidence tying Mr. Bibliowicz to the cartel is the testimony of a cooperator. This testimony has not been provided to the defense.

1

It is with this backdrop that the government is attempting to deliberately violate Mr. Bibliowicz's attorney client privilege and using the grand jury process to do so.

## CRIME FRAUD EXCEPTION RULINGS

On May 29, 2025, the Court held its first hearing regarding the government's request that the crime fraud exception apply. *See* ECF #46. At that hearing, the government did not mention subpoenas or testimony.[1] The government stated that it was seeking that the crime fraud exception apply to a "tranche of emails" it had received from a witness. *See* Hearing Transcript, Motion for Crime Fraud Exception, *U.S.A. v. Alain Bibliowicz,* 1:25-CR-00039-CBA (U.S. Dist. Court E.D.N.Y, May 29, 2025), at 2:21. Specifically, the Court inquired "Where are all these documents?" *See id*. at 2:21. The government responded "So we have one tranche of documents that are from a witness who voluntarily produced them that we've reviewed because of the sensitivity around potential privilege. We anticipate, depending on the scope of the first ruling or however the Court rules, that if certain categories of documents are crime fraud, that that ruling may apply down the line. *Id*. at 2:21-25; 3:1-4. But for now, we're only considering this as to a tranche of essentially emails from a witness." *See id.* at 2:22-25; 3:1-4. Upon inquiry from the Court about the extent of the documents, the government stated ". . . we anticipate that this issue may arise

---

[1] A copy of the transcript is attached hereto as Exhibit A.

2

again in the review of the defendant's phone and laptop that we seized pursuant to a search warrant." *See id.* at 3:18-20. The government assured the Court that if the Court were to grant its motion, the documents were with the filter team, and the filter team would review the documents to ensure they fit within the categories permitted by the Court. *See id.* at 4:9-22.

At no time during the hearing on May 29, 2025, or the next hearing (held on June 27, 2025), did the government advise the Court or counsel for Mr. Bibliowicz that it was seeking to apply the crime fraud exception to items outside of the "tranche" of documents from a witness or Mr. Bibliowicz's phone and laptop.

Following the hearing, the government filed a letter identifying the categories of documents it sought. *See* ECF #48. The categories are below.

1. **Category-1:** Documents and communications from, to, or with internal counsel and compliance staff, including Carlos Rodriguez, David Castillo, Maria Camila Alvarado, Lina Maria Galindo Almonacid, and Nicholas Mancera, regarding transactions, contracting, or partnership with or among the Treebu Companies[2] and cryptocurrency suppliers, financial institutions, or similar third parties.

2. **Category-2:** Documents and communications from, to, or with internal counsel and compliance staff, including Carlos Rodriguez, David Castillo, Maria Camila Alvarado, Lina Maria Galindo Almonacid, and Nicholas Mancera, regarding the development, application, execution, or analysis of an anti-money laundering, know-your-customer, or other compliance program for the Treebu Companies.

3. **Category-3:** Documents by and communications with persons from external law firms, including GP Law Int'l, Robert Allen Law, Oziel Law, Aird Berlis, Carey Olson, and Marjorie Rawls Roberts, relating to the formation, operation, management, or structuring of the Treebu Companies.

The letter specifically states that ". . . this Order would apply to communications produced by Witness 1, . . . ., including devices seized pursuant to a search warrant or document request." *See id*. at 2. Again, there is absolutely no mention of using the grand jury process to seek testimony and documents directly from lawyers.

At the next hearing on this issue, on June 27, 2025, the Court ruled without argument that the crime fraud exception applied to certain categories of documents. *See* Hearing Transcript, Motion for Crime Fraud Exception, *U.S.A. v. Alain Bibliowicz,* 1:25-CR-00039-CBA (U.S. Dist. Court E.D.N.Y, June 27, 2025), at 2-9.[2] The ruling was premised on representations from the government that the request related to the emails from Witness 1 and Mr. Bibliowicz's phone. It was further clarified by defense counsel and the Court that the documents would go through a taint team before anything was turned over to the trial team. *See id*. at 9:18-25; 10:1-7. The government affirmed that this would be the procedure that would be followed. *Id*. at 10:5-7. In fact, the government went further stating "[w]e have no intention of receiving any other records and will work with the filter team to make sure it's targeted." *Id.*

Despite the government's affirmation, following the hearing, the government sent a single Grand Jury Subpoena addressed to two individual lawyers and a law

---

[2] A copy of the hearing transcript from June 27, 2025 is attached hereto as Exhibit B.

firm. The attorneys subpoenaed provided primarily tax and estate planning advice to Mr. Bibliowicz unrelated to the business of the companies at issue here. The subpoena was not limited in time. Of note, the conduct alleged in the Indictment started in 2020. The lawyers and law firm subpoenaed have been representing Mr. Bibliowicz since 2017. Some of the entities mentioned in the subpoena were created well before the conduct allegedly started in this case. The subpoena requested documents and testimony. The trial team served the subpoena by email. The trial team directly communicated with the lawyer representing the subpoenaed parties about the grand jury subpoena. The subpoena was issued by the trial team and requested that the response be sent directly to the trial team. Notably, the taint team had no involvement in the process of this Grand Jury subpoena, contrary to what this Court ordered and permitted.

      Certainly, the Court's order on crime fraud did not contemplate the government accessing privileged documents that have nothing to do with this case. Moreover, the Court's order did not contemplate testimony from lawyers or documents beyond what the witness produced and what was found on Mr. Bibliwicz's phone and laptop. Certainly, the Court's order did not permit the trial team to access privileged materials without the benefit of a filter review.

## APPLICABLE LAW

The attorney-client privilege is "the oldest of the privileges for confidential communications known to the common law," and "recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). Notwithstanding, "communications that otherwise would be protected by the attorney-client privilege" are not protected if they are "in furtherance of contemplated or ongoing criminal or fraudulent conduct." *In re Grand Jury Subpoena Duces Tecum Dated Sept. 15, 1983*, 731 F.2d 1032, 1038 (2d Cir. 1984) (citations omitted).

The Second Circuit has cautioned that "[g]iven that the attorney-client privilege . . . play[s] a critical role in our judicial system, the limited exceptions to [it] should not be framed so broadly as to vitiate much of the protection [it] afford[s]." *Roe II*, 168 F.3d at 71 (citations omitted); *see also In re Cty. of Erie*, 546 F.3d 222, 228 (2d Cir. 2008) ("rules which result in the waiver of this privilege and thus possess the potential to weaken attorney-client trust, should be formulated with caution"). Additionally, "with strong emphasis on intent, the crime-fraud exception applies 'only when there is probable cause to believe that the communications with counsel were intended in some way to facilitate or to conceal the criminal activity.'"

*Jacobs*, 117 F.3d at 88 (quoting *In re Grand Jury Subpoenas Duces Tecum*, 798 F.2d 32, 34 (2d Cir. 1986)).

Here, the government has taken the Court's limited order and is treating it as a blanket shield to invade Mr. Bibliowicz's attorney client privilege.

## Categorial Approach to Crime Fraud Exception

In ruling that certain categories of documents were subject to the crime fraud exception, the Court relied on *United States v. Scott*, 17-cr-00630 (E.D.N.Y. Sept. 25, 2019), ECF #133. In *Scott*, the defendant was a lawyer and charged with a conspiracy to engage in a money laundering conspiracy. Specifically, the lawyer assisted in the creation of the structures used for money laundering and received monies that were involved in the conspiracy. While the Court in *Scott* agreed that the categorical approach to the crime fraud exception applied, the government in that case had instituted a procedure where a taint team would review the documents and give the defense an opportunity to object prior to releasing any document to the trial team. *See id.* Here, the government has proposed no such process and is going well beyond the parameters set by the Court. Moreover, the categories permitted in *Scott* did not permit for additional grand jury process or testimony. These documents were already in the hands of the taint team.

*United States v. Costanzo*, 2024 WL 2046053, Case no. 22-CR-281 (S.D.N.Y. May 8, 2024), is another case wherein the Court permitted a categorical approach to

7

the crime fraud exception. In *Costanzo*, the lawyers were targets of a criminal investigation and alleged to be involved in a scheme of bribery of public officials. *See id.* Again, in *Costanzo*, the Court ordered that the filter team work with attorneys to identify problem cases and provide a reasonable time to object before any privileged materials were released to the trial team.

## CONCLUSION

Mr. Bibliowicz respectfully requests that this Court quash the government's grand jury subpoena. Mr. Bibliowicz further requests that the Court limit the government's use of the crime fraud exception to Mr. Bibliowicz's phone and laptop and the emails received from Witness 1.

Dated: August 1, 2025                                  Respectfully submitted,

                                                                                                                               DESCALZO LAW, P.A.
                                                                                                                               150 SE Second Avenue, Suite 600
                                                                                                                               Miami, Florida 33131
                                                                                                                              Telephone:  (305) 537-9565
                                                                                                                              Facsimile:   (305) 537-9567
                                                                                                                              By: /s/ *Marissel Descalzo*
                                                                                                                              **Marissel Descalzo, Esq.**
                                                                                                                              *Pro Hac Vice*
                                                                                                                             Mdescalzo@descalzolaw.com
                                                                                                                              service@descalzolaw.com
                                                                                                                              *Counsel for Alain Bibliowicz*

## **CERTIFICATE OF SERVICE**

I CERTIFY that on August 1, 2025, the foregoing was electronically filed via CM/ECF which will serve all counsel of record.

By: /s/ *Marissel Descalzo*
**Marissel Descalzo, Esq.**